**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5016

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAKEEVIAN JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (5:08-cr-00193-FL-1)

Submitted: July 8, 2009          Decided: July 29, 2009

Before TRAXLER, Chief Judge, and WILKINSON and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lakeevian Jones pled guilty to several drug and firearm offenses and was sentenced to time served, with a four-year period of supervised release. While on supervised release, Jones tested positive for marijuana on multiple occasions, failed to attend drug counseling, and dropped out of a court-ordered halfway-house program. The district court revoked Jones' supervised release and imposed a twenty-eight-month sentence. Jones appeals, claiming the district court imposed an unreasonably long sentence. Having reviewed the record, we affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. If we conclude that a sentence is not unreasonable, we will affirm the sentence. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will this court "decide whether the sentence is plainly unreasonable." Id.

2

A supervised release revocation sentence is not procedurally unreasonable if the district court considered the U. S. Sentencing Guidelines Manual Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider in a supervised release revocation case. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 440. Such a sentence is not substantively unreasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id. at 439.

In this case, the district court reviewed the applicable statutory maximum of sixty months and the Guidelines Chapter Seven policy range of three to nine months. The district court noted Jones' multiple violations, which came after an earlier sanction for failing to comply with the terms of his release. The district court also noted that Jones' original sentence was the product of a downward departure. Finally, the district court noted Jones' need for drug treatment, which the court believed could best be achieved in prison. Having reviewed the record, we find that the district court's sentence was not plainly unreasonable.

Accordingly, we affirm the district court's judgment revoking Jones' supervised release and imposing a twenty-eight-month prison term. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED